IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DICK DIXON AND SANDRA DIXON | § | |
|    *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-1141 |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
|    *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Dick Dixon and Sandra Dixon v. Allied Property and Casualty Insurance Company*; Cause No. 21DCV327751; In the 169th Judicial District of Bell County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Dick Dixon and Sandra Dixon (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 21DCV327751; In the 169th Judicial District of Bell County, Texas on October 5, 2021 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on November 5, 2021, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 169th Judicial District Court of Bell County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.  Diversity of Parties**

7. Plaintiffs are domiciled in Bell County, Texas. *See* **Exhibit A**, ¶ II. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8. Allied Property and Casualty Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Allied is a citizen of the State of Iowa.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

B.     **Amount in Controversy**

10.    It is facially apparent from Plaintiffs' live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[1] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[2] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

11.    Here, in compliance with Tex. R. Civ. P. 47, Plaintiffs have pled that they seek "monetary relief under $250,000." **Exhibit A**, Plaintiffs' Original Petition, at ¶ I. Plaintiff has have further pled that they seek "relief over $100,000, but not more than $250,000." **Exhibit A**, Plaintiffs' Original Petition, at ¶ III. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition.

12.    Plaintiffs further seeks compensation for the "remaining actual cost of the repairs and replacements needed to the Home unpaid by Defendant is the sum of $48,511.00," and have alleged that Defendant's conduct was wrongful and done knowingly entitling them to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ VIII; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[4]

---

[1] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[2] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[3] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[4] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

13. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 5th day of November, 2021 to:

| | |
|---|---|
| Jack M. Tarver<br>Tarver & Blythe<br>319 North Third Street<br>P.O. Box 2088<br>Temple, Texas 76503<br>jtarverlaw@gmail.com | ***#9590 9266 9904 2178 2210 01*** |

                                       */s/ Patrick M. Kemp*
                                       Patrick M. Kemp